# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| MIKE FAUSSET and TODD WILLIAMS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:09-CV-42-PRC |
| | ) | |
| MORTGAGE FIRST, LLC, and | ) | |
| UTAH LOAN SERVICING LLC, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Partial Summary Judgment [DE 22], filed by Plaintiff Mike Fausset ("Plaintiff") on January 22, 2010. Defendant Mortgage First, LLC ("Defendant") filed a response brief in opposition on February 22, 2010, to which Plaintiff filed a reply brief on March 8, 2010. For the foregoing reasons, the Court hereby **DENIES** the Motion for Partial Summary Judgment [DE 22].

## PROCEDURAL AND FACTUAL BACKGROUND

On April 27, 2001, Plaintiff executed a Simple Interest Note and Security Agreement in favor of Fifth Third Bank that was secured by a mortgage on Plaintiff's principal residence. Defendant purchased the note and mortgage in July 2007. On May 16, 2008, the note and mortgage were assigned to Defendant, when, according to Plaintiff, the note was in default.

Defendant filed a Complaint for Foreclosure in the Tippecanoe Superior Court on June 4, 2008. Eventually, Plaintiff and Defendant engaged in negotiations to modify the terms of the note and mortgage.

Defendant charged to Plaintiff's account a fee of $75.00 that was coded as an "NSF" fee on August 15, 2008. At Defendant's request, the Tippecanoe Superior Court dismissed the pending state

court action on August 26, 2008.

On September 10, 2008, Defendant and Plaintiff executed a Forbearance and Deferral Agreement. Plaintiff filed a Complaint against Defendant on June 3, 2009, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and fraud. Defendant filed an Answer on July 21, 2009. Plaintiff filed a First Amended Complaint on September 10, 2009, solely alleging violations of the FDCPA on behalf of Plaintiffs Fausset and Williams. Defendant filed an Answer on September 22, 2009.

On September 10, 2009, this case was reassigned to the undersigned Magistrate Judge. The parties orally consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case at the September 10, 2009 Telephonic Rule 16 Preliminary Pretrial Conference. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

Plaintiff filed a Verified Motion to Join Party, which the Court granted on February 5, 2010, joining Utah Loan Servicing, LLC as a party-defendant in this matter.

Plaintiff filed his Motion for Partial Summary Judgment as to some of his claims for violations of the FDCPA against Defendant and a brief in support. Defendant filed a Verified Motion to Withdraw Admissions on February 1, 2010, requesting leave to withdraw admissions related to alleged false statements that Defendant made in its complaint during the state court foreclosure action. The Court granted the Motion on March 1, 2010.

Defendant filed a response brief in opposition to Plaintiff's Motion for Partial Summary Judgment on February 22, 2010, and Plaintiff filed a reply brief in support on March 8, 2010.

# SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving

party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## ANALYSIS

As a preliminary matter, Local Rule 56.1(a) requires that a party opposing a motion for summary judgment submit a response that includes a "Statement of Genuine Issues" setting forth all material facts

as to which a genuine issue exists and which may be litigated. Local Rule 56.1(a) further provides that the "Statement of Genuine Issues" and the facts stated therein shall set forth all material facts, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence. In the "Statement of Genuine Issues," the nonmoving party is not required "to respond to each and every fact, point by point, [but] it does require that the nonmoving party submit potentially determinative facts and identify factual disputes" that may preclude summary judgment. *See Fox v. Lear Corp.*, 327 F. Supp. 2d 946, 948 (S.D. Ind. 2004). Failure to include such crucial facts may be detrimental to the non-movant's case because the Court assumes the facts as claimed and supported by admissible evidence submitted by the moving party, unless they are controverted with supporting evidence by the nonmoving party. *See* L.R. 56.1(b).

Defendant has not provided a Statement of Genuine Issues. In this instance, although Defendant has not filed a document entitled, "Statement of Genuine Issues," its response brief is the functional equivalent in that it identifies alleged genuine issues by contradicting facts asserted by Plaintiff. In support of these issues, Defendant offers specific evidence in the form of an affidavit and exhibits.

Therefore, pursuant to Northern District of Indiana Local Rule 56.1, the Court assumes the facts asserted by Plaintiff and supported by admissible evidence are admitted to exist without controversy, except to the extent such facts are controverted in Defendant's brief filed in opposition to the motion for summary judgment and supported by admissible evidence.

In support of his Motion for Partial Summary Judgment, Plaintiff argues that (1) Defendant's filing of the state foreclosure action when it is not a licensed collection agency under Indiana law constituted a violation of the FDCPA; (2) Defendant violated the FDCPA by making two false allegations in its state court complaint; and (3) Defendant charged Plaintiff a $75.00 NSF fee that violated the FDCPA. The Court evaluates each argument in turn.

### A. Collection of a Debt without a License

Congress enacted the FDCPA to protect consumers who have been victimized by debt collectors, regardless of whether there is a valid debt owed. *Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, at *8 (N.D. Ill. Feb. 18, 2009). "A central purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors.'" *Id.* (quoting 15 U.S.C. § 1692e). In particular, section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(1) prohibits a debt collector from making a "false representation or implication that the debt collector is vouched for, bonded by, or affiliated with . . . any State . . . ." *Id.*

Plaintiff argues that Defendant is a collection agency under Indiana law and by filing a lawsuit without being licensed, violated the FDCPA. In particular, Plaintiff alleges that Defendant's filing of a lawsuit without being licensed is a violation of section 1692e because the filing of a lawsuit is a "false, deceptive and misleading representation that the debt collector is authorized by law to legally take that action." Pl.'s Br. in Support 3. However, "Section 1692e does not incorporate state licensing requirements." *Radaj v. ARS Nat. Services, Inc.*, No. 05-C-0773, 2006 WL 2620394, at *3 (E.D. Wis. Sept. 12, 2006). "Thus, an alleged violation of state or local law is insufficient to state a claim under the FDCPA." *Id.*

Nonetheless, the FDCPA prohibits statements indicating that a debt collector is "vouched for" by a state. *Id.* at *4; 15 U.S.C. § 1692e(1). However, Defendant's filing of the state court lawsuit here did not constitute a misrepresentation that it was a licensed collection agency in Indiana. Plaintiff fails to provide any evidence, or even allege, that Defendant made an affirmative representation that it is licensed in Indiana. *See Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1415 (D. Conn. 1990) (finding that a defendant's noncompliance with state licensing requirement did not amount to a false

representation where it made no representation that it was licensed in the state); *Seeger v. Aid Assoc., Inc.*, No. 05-C-944, 2007 WL 1029528, at *5 (E.D. Wis. March 29, 2007) (providing that a statement that a party is licensed in the state "is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA."). Plaintiff has failed to provide this Court with, and the Court's own research does not reveal, case law indicating that the mere filing of a lawsuit constitutes a misrepresentation that a party is licensed in the state. Accordingly, in the absence of evidence supporting that Defendant made a misrepresentation under section 1692e, summary judgment must be denied.

Next, Plaintiff argues that Defendant's filing of the state court lawsuit also violated 15 U.S.C. § 1692f because "it is unfair and unconscionable to violate state law, particularly a state law specifically designed to protect debtors, in the collection of a debt." Pl.'s Br. in Support 4. Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In relevant part, Indiana Code § 25-11-1-1(b) defines a "collection agency" as "all persons engaging directly or indirectly and as a primary or secondary object, business, or pursuit, in soliciting claims for collection, or in the collection of claims owed or due or asserted to be owed or due to another . . . ." Ind. Code § 25-11-1-1(b). But, Indiana Code § 25-11-1-2 provides that "[t]he term 'collection agency' does not include . . . [a]ny . . . limited liability company . . . engaged in any business enterprise in the state whose primary object, business, or pursuit is not the collection of claims, as the term is defined by the provisions of this chapter." Ind. Code § 25-11-1-2(f).

Plaintiff alleges that Defendant solicits claims for collection and is a collection agency under Indiana law. According to Plaintiff, Defendant's filing of the state court lawsuit constituted conduction of a collection agency in violation of Indiana law.[1] In its response brief, based on a supporting affidavit, Defendant argues that it was not required to be licensed as a collection agency to file its state court

---

[1] Indiana Code § 25-11-1-7(a) makes it unlawful for any person to conduct a collection agency without having first applied for and obtained a license from the state of Indiana.

7

lawsuit because it does not solicit claims for collection and, instead, is in the investment business of purchasing notes and mortgages on residential property. When the notes are in default, Defendant may then file a foreclosure suit. Further, Defendant argues that it does not attempt to collect claims owed to a third person or entity.

In his reply brief, Plaintiff argues that Defendant fails to provide evidence supporting that it does not solicit claims for collection. However, Defendant relies on the affidavit of its Collections Manager, *See* Def.'s Resp. Br., Ex. A, in making this claim and Plaintiff fails to attack the sufficiency of the affidavit. "An affidavit, even a self-serving one, may suffice to defeat a summary judgment motion if it is supported by the record or 'based on personal knowledge' and 'set[s] forth specific facts' demonstrating that a genuine issue of material fact exists." *Long v. Teachers' Retirement Sys. of State of Illinois*, 566 F. Supp. 2d 851, 854 (C.D. Ill. 2008). Here, the affidavit was prepared by Defendant's Collections Manager, is a sworn document, and sets forth specific facts (namely, that Defendant is not in the primary business of soliciting claims for collection) demonstrating a genuine issue of material fact.

Accordingly, because a genuine issue of material fact exists regarding whether Defendant is a collection agency[2] and whether it needs to be licensed, Plaintiff has failed to carry his burden on summary judgment and summary judgment must be denied.[3]

---

[2] The exhibits attached to Plaintiff's brief in support, which are copies of pages from Defendant's website, indicate that Defendant is a default loan servicing company that acquires and services defaulted mortgages and promissory notes. *See* Pl.'s Br. in Support, Ex. 1. While this evidence may support that Defendant solicits claims for collection, it is contradicted by Defendant's supporting affidavit. Thus, it further supports the existence of a genuine issue of material fact.

[3] Although neither party addresses the issue, the Court acknowledges that the record is unclear as to whether Defendant's filing of the state court lawsuit would have even fallen under the scope of the FDCPA, as security enforcement activities are not covered by the Act. *See Rosado v. Taylor*, 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004). The parties have failed to provide the Court with a copy of the state court complaint in the underlying foreclosure lawsuit and the Court does not know if Defendant sought to merely enforce a security interest (which would not be covered by the FDCPA) or sought a deficiency judgment against the Plaintiff (which would be covered by the FDCPA). *See id.*

### B. False Statements Made in the State Court Complaint

Plaintiff contends that Defendant made two false statements in its state court complaint for the underlying foreclosure lawsuit, based on Defendant's default admissions. However, on March 1, 2010, the Court granted Defendant leave to withdraw its admissions that the two statements were false. Given that the instant Motion is based on Defendant having made these admissions, the Court denies as moot the instant Motion to the extent that Plaintiff claims that the two false statements violate the FDCPA.

### C. Assessed Fee of Seventy Five Dollars

Finally, Plaintiff argues that Defendant violated the FDCPA by charging him a $75.00 NSF fee when he never submitted a check to the Defendant that was returned for insufficient funds. As already noted in this Opinion and Order, section 1692f of the FDCPA makes it unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt. Under section 1692f, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of the FDCPA. 15 U.S.C. § 1692f(1); Federal Trade Commission, *Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097, 50108 (Dec. 18, 1988). In its response brief, Defendant represents that it incorrectly labeled the $75.00 fee as a "NSF" fee when the fee was actually a 1.5% "EFT" fee that is assessed for electronic payments. However, in reviewing the Note and Mortgage, the Court cannot find any provision permitting Defendant to charge a 1.5% "EFT"

fee for electronic payments that Plaintiff made.[4] Accordingly, the Court must determine if the fee is permitted by law. *Ozkaya v. Telecheck Services, Inc.*, 982 F. Supp. 578, 585 (N.D. Ill. 1997).

Federal courts look to state law to determine if a fee is "permitted by law" under section 1692f(1). *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1140 (N.D. Ill. 1998). Defendant has failed to provide the Court with, and the Court's research of Indiana law fails to reveal,[5] a statutory provision authorizing the $75.00 fee for Plaintiff's electronic payment.

Nonetheless, Defendant argues that it never attempted to collect the fee from Plaintiff and dismissed the foreclosure suit against him. Section 1692f prohibits the use of unfair or unconscionable means "*to collect* or *attempt* to collect any debt." 15 U.S.C. § 1692f (emphasis added). While the parties do not dispute that Defendant charged Plaintiff the $75.00 fee, Plaintiff has failed to provide evidence supporting that Defendant attempted to collect this fee. Further, although Defendant filed a state foreclosure lawsuit that was later dismissed, the parties have not provided the Court with a copy of the complaint in the state foreclosure lawsuit so the Court does not know whether Defendant sought to recover this fee as part of the suit. Therefore, a genuine issue of material fact exists as to whether Defendant collected or attempted to collect the $75.00 fee and the Court must deny summary judgment.[6]

---

[4] The Court need not consider the Forbearance and Deferral Agreement because it was entered into *after* Defendant assessed Plaintiff with the $75.00 fee and, in any event, no provision in the Agreement permits Defendant to charge this fee.

[5] Indiana Code § 5-27-3-3(a) provides that a governmental body may "collect a sum for the vendor transaction charge, discount fee, or any other charge from the person who makes an electronic payment." Ind. Code § 5-27-3-3(a)(2). However, because Defendant is not a governmental body, this provision does not apply here.

[6] Although Plaintiff relies on *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004), in support of the argument in his reply brief that whether or not Defendant actually collected the $75.00 fee it is still liable under the FDCPA, that case is distinguishable. Unlike Defendant's actions in this case, in *Shula*, the defendants sent the plaintiff a letter demanding court costs and represented that plaintiff owed the amount to them, even though defendants had not obtained a judgment for those costs. *Shula*, 359 F.3d at 490-91. There is no indication from the record in this matter

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Partial Summary Judgment [DE 22]**.**

SO ORDERED this 12th day of March, 2010.

                                  s/ Paul R. Cherry  
                                  MAGISTRATE JUDGE PAUL R. CHERRY  
                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record

---

that Defendant demanded payment of the $75.00 fee from Plaintiff.