# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| MIKE FAUSSET and TODD WILLIAMS, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MORTGAGE FIRST, LLC, and ) <br> UTAH LOAN SERVICING LLC, ) <br> Defendants. ) | CAUSE NO.: 4:09-CV-42-PRC |

## OPINION AND ORDER

This matter is before the Court on (1) Defendant's Motion for Partial Summary Judgment [DE 24], filed by Defendant Mortgage First, LLC on February 1, 2010; (2) a Motion to Reopen Discovery [DE 37], filed by Plaintiffs on March 8, 2010; (3) Plaintiff Todd Williams' Motion to Strike [DE 41], filed by Plaintiff Williams on March 14, 2010; and (4) a Motion for Leave to Add Affirmative Defense to Plaintiffs' Amended Complaint [DE 45], filed by Defendant Mortgage First, LLC on March 17, 2010. For the foregoing reasons, the Court hereby **DENIES** Plaintiff Todd Williams' Motion to Strike [DE 41], **GRANTS** the Motion to Reopen Discovery [DE 37], **GRANTS** the Motion for Leave to Add Affirmative Defense to Plaintiffs' Amended Complaint [DE 45], **GRANTS** the Defendant's Motion for Partial Summary Judgment [DE 24], and **GRANTS** Plaintiffs leave to amend their Complaint.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 27, 2001, Plaintiff Mike Fausset executed a Simple Interest Note and Security Agreement in favor of Fifth Third Bank that was secured by a mortgage on his principal residence. Defendant Mortgage First, LLC ("Defendant") purchased the note and mortgage in July 2007. On May 16, 2008, the note and mortgage were assigned to Defendant.

Plaintiffs filed a Complaint against Defendant on June 3, 2009, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and fraud. Defendant filed an Answer on July 21, 2009.

Plaintiffs filed a First Amended Complaint on September 10, 2009, solely alleging violations of the FDCPA on behalf of Plaintiffs Fausset and Williams. With regard to Plaintiff Williams ("Plaintiff"), Plaintiffs' First Amended Complaint alleges that Defendant violated the FDCPA by "[c]alling Plaintiff Todd Williams multiple times in an abusive manner in an attempt to collect a debt that is not his in violation of 15 U.S.C. § 1692d." Pls.' First Am. Compl. ¶ 19. Defendant filed an Answer on September 22, 2009.

On September 10, 2009, this case was reassigned to the undersigned Magistrate Judge. The parties orally consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case at the September 10, 2009 Telephonic Rule 16 Preliminary Pretrial Conference. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

The parties conducted Plaintiff Williams' deposition on January 11, 2010, during which he testified that he received calls from Defendant over a six or seven month period from 2007 until the beginning of 2008. Plaintiff Williams further testified that the last time that Defendant contacted him was at the beginning of 2008, but not after April 1, 2008.

Defendant filed a Verified Motion to Withdraw Admissions on February 1, 2010, requesting leave to withdraw admissions related to alleged false statements that Defendant made in its complaint during the state court foreclosure action. The Court granted the Motion on March 1, 2010, and granted the parties leave to file a motion to reopen discovery for a limited period of time, if necessary.

Defendant filed its Motion for Partial Summary Judgment against Plaintiff Williams on February 1, 2010, based on Plaintiff Williams' FDCPA claim being filed outside of the one year statute of limitations. Plaintiff Williams filed a response brief on March 5, 2010, to which Defendant filed a reply brief on March 17, 2010.

Plaintiffs filed a Verified Motion to Join Party, which the Court granted on February 5, 2010,

joining Utah Loan Servicing, LLC as a party-defendant in this matter. On March 5, 2010, Plaintiffs filed a Second Amended Complaint, adding Defendant Utah Loan Servicing, LLC, as a party-defendant in this matter, but otherwise making the same exact allegations as in the First Amended Complaint. Defendants filed their Answer to Second Amended Complaint [DE 39], asserting as its Second Affirmative Defense, for the first time in this litigation, that Plaintiff Williams' allegations are based on events that occurred outside of the one-year statute of limitations under the FDCPA, and, thus, are time barred.

Plaintiffs filed a Motion to Reopen Discovery on March 8, 2010. Further, on March 14, 2010, Plaintiff Williams filed a Motion to Strike Defendants' Second Affirmative Defense. In response, Defendant filed a Motion for Leave to Add Affirmative Defense to Plaintiffs' Amended Complaint on March 17, 2010.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the

basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all

4

facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## ANALYSIS

### A. Plaintiff's Motion to Strike and Defendant's Motion to Add Affirmative Defense

Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses. *LaSalle Bank Nat'l Assoc. v. Paramont Properties*, 588 F. Supp. 2d 840, 860 (N.D. Ill. 2008). Federal Rule of Civil Procedure 12(f) provides, in relevant part:

> [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: . . . on its own; or . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Because a motion to strike can be used as a vehicle for delay, "it is generally not favored, is viewed as a 'drastic' remedy, and is infrequently granted." *Midland Nat'l Life Ins. Co. v. Ash Fin. Holdings Group, Inc.*, No. 1:06-CV-00066, 2006 WL 2290912, at *1 (N.D. Ind. Aug. 8, 2006) (citations omitted). Affirmative defenses should not be stricken "'if they are sufficient as a matter of law or if they present questions of law or fact.'" *Spearman v. Tom Wood Pontiac-GMC, Inc.*, No. IP-00-1340, 2000 WL 33125463, at *1 (S.D. Ind. Dec. 22, 2000) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Midland Nat'l Life Ins. Co.*, 2006 WL 2290912, at *1 (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir.

1992)).

In his Motion to Strike, Plaintiff Williams argues that Defendant's statute of limitations defense was not asserted in its previous answers to the Plaintiffs' Complaints and constitutes an amendment to the pleadings that, pursuant to Federal Rule of Civil Procedure 15(a)(2), can only be made with the opposing party's consent or the Court's leave. Because neither of the Plaintiffs consented to the additional affirmative defense, Plaintiff argues that Rule 15 requires Defendant to seek leave of Court and Defendant failed to do so prior to raising the new affirmative defense and prior to the November 15, 2009 deadline to amend pleadings.

A plaintiff's failure to file its claim within the proscribed statute of limitations is an affirmative defense under Rule 8(c)(1), which Defendant has the burden of pleading and proving. *See Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir. 2000). The purpose of this rule is to "avoid surprise and undue prejudice to the plaintiff by providing [him] notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997). "Thus, where a defendant fails to raise a statute of limitations defense in his answer or other responsive pleading, it is generally considered waived." *Stupak v. Hoffman-La Roche, Inc.*, 315 F. Supp. 2d 970, 972 (E.D. Wis. 2004). "However, when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Because a new complaint "wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Id.*

Nonetheless, "[n]o federal appellate court has addressed whether new affirmative defenses filed in response to an amended pleading are permitted as of right or only with leave of court."

*Kreidler v. Pixler*, No. C06-0697RSL, 2009 WL 529590, at *1 (W.D. Wash. March 2, 2009). However, the few district courts that have considered the issue have explained that a defendant cannot plead new counterclaims or affirmative defenses as of right unless the amended complaint changes the scope or theory of the case. *See GSI Group, Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 WL 757819, at *2 (C.D. Ill. March 8, 2007) (agreeing that "if an amended complaint does not change the scope or theory of a case, then the responsive pleading cannot add new theories either."); *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002) (finding that where an amended complaint did not change the theory of the case or expand its scope, the defendant should have sought leave of court to assert its new defenses and could not assert them as of right); *Tensor Group, Inc. v. Global Web Systems, Inc.*, No. 96 C 4606, 1999 WL 617818, at *3 (N.D. Ill. Aug. 11, 1999) (striking affirmative defenses that were not related to the new allegations of the amended complaint, where the amended complaint did not change the theory or scope of the case). But, "if the amended complaint adds new theories of recovery or changes the scope of the case, then the defendant is free to plead anew as if the prior pleadings did not occur." *GSI Group, Inc.*, 2007 WL 757819 at *2.

Here, the amendment made in Plaintiffs' Second Amended Complaint only added Defendant Utah Loan Servicing, LLC as a party-defendant in this matter and did not extend the scope of the case or change the theories of recovery. Rather, other than adding Utah Loan Servicing, LLC as a Defendant, Plaintiffs' Second Amended Complaint makes the same allegations as made in the previous versions of the Complaint. Accordingly, Defendant should have sought leave of Court prior to filing its Second Affirmative Defense in its Answer to Plaintiffs' Second Amended Complaint. However, Defendant now seeks to do so.

Because Defendant failed to previously plead the statute of limitations defense and failed to seek leave of court prior to filing its Answer to the Second Amended Complaint, this does not mean that the defense is therefore waived. Rather, "[i]t would be unreasonable to prevent a defendant from asserting a defense that was not reasonably apparent until after his responsive pleading was filed." *Stupak*, 315 F. Supp. 2d at 973. In any event, "even where the defense could have been discovered earlier, the court may nevertheless allow its assertion where doing so would not result in prejudice to the other party." *Id.*

In its Motion for Leave to Add Affirmative Defense, Defendant represents that it did not possess information related to its statute of limitations defense until after the November 15, 2009 deadline to amend pleadings as at Plaintiff's January 11, 2010 deposition, Defendant was able to confirm that Plaintiff's allegations were based on events occurring outside of the statute of limitations period.

Plaintiff contends that he will be severely prejudiced if Defendant is allowed to assert the statute of limitations affirmative defense unless Plaintiffs are allowed to amend their Complaint. Defendant represents in its Motion for Leave that it has no objection to the Court granting Plaintiffs leave to amend their Complaint. Accordingly, the Court finds that any undue prejudice to the Plaintiffs can be removed by granting them leave to amend their Complaint.

Further, Plaintiff has had adequate notice of the statute of limitations defense and has had an adequate opportunity to respond to it. As discussed in more detail below in relation to Defendant's Motion for Partial Summary Judgment, Plaintiff has had an opportunity–and indeed has–responded to the Defendant's statute of limitations defense.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only

with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Given that Defendant was unable to confirm facts that gave rise to its statute of limitations affirmative defense until after Plaintiff's January 11, 2010 deposition, and that any prejudice to Plaintiff Williams can be removed by granting Plaintiffs leave to amend their Complaint, the Court grants Defendant's Motion for Leave to Add Affirmative Defense to Plaintiff's Amended Complaint. Although Defendant filed its Answer to Second Amended Complaint, including its Second Affirmative Defense, prior to seeking leave of Court to do so, in the interests of efficiency and justice, the Court declines to strike the Answer. Accordingly, the Court also denies Plaintiff Todd Williams' Motion to Strike, but grants Plaintiffs leave to file a Third Amended Complaint.

### B. Defendant's Motion for Partial Summary Judgment.

Congress enacted the FDCPA to protect consumers who have been victimized by debt collectors, regardless of whether there is a valid debt owed. *Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, at *8 (N.D. Ill. Feb. 18, 2009). "A central purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors.'" *Id.* (quoting 15 U.S.C. § 1692e). The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

9

In support of its Motion for Partial Summary Judgment, Defendant argues that it is entitled to summary judgment on Plaintiff Williams' FDCPA claim because he filed his Complaint more than one year after the last alleged phone call violating the FDCPA, thus making his claim untimely. In his response brief, Plaintiff Williams does not dispute that the alleged conduct occurred more than one year prior to the filing of this lawsuit. However, Plaintiff argues that Defendant should be estopped from raising the statute of limitations defense because it did not previously seek leave to amend its answer to plead this new affirmative defense. In particular, Plaintiff argues that he will be prejudiced because if Defendant timely pled the statute of limitations defense, Plaintiff could have amended his complaint to plead an alternative legal theory, such as a state law claim for invasion of privacy, and Plaintiff will be prejudiced "unless the Court will grant [him] leave to amend his complaint." Pl.'s Resp. Br. 2. As already noted in this Opinion and Order, Defendant represents that it has no objection to the Court granting Plaintiff leave to amend his Complaint to add a state law claim for invasion of privacy. Accordingly, the Court finds that Plaintiff's concerns regarding prejudice are mooted by the Court granting him leave to amend his Complaint.

At his January 11, 2010 deposition, Plaintiff testified that the last phone call that he received from Defendant was at the beginning of 2008 and that Defendant did not contact him after April 1, 2008.[1] Plaintiff filed his original Complaint on June 3, 2009. "Claims under the FDCPA for telephone calls made by a debt collector more than one year prior to the filing of a suit are barred by the one year statute of limitations." *Pagan v. Monterrey Collection Services*, Civil Action No. 07-80, 2007 WL 966009, at *2 (E.D. Pa. March 29, 2007); *Burdett v. Harrah's Kansas Casino*

---

[1] In his response brief to Defendant's Motion for Partial Summary Judgment, Plaintiff alleges that the last communication between him and Defendant was on May 7, 2008. Regardless of whether the last contact occurred prior to April 1, 2008, or on May 7, 2008, Plaintiff's FDCPA claim would still be untimely.

*Corp.*, 294 F. Supp. 2d 1215, 1233 (D. Kan. 2003).  Accordingly, because Plaintiff Williams' Complaint, alleging violations of the FDCPA, was filed more than one year after the Defendant allegedly made harassing calls to him, his FDCPA claim is barred by the statute of limitations.

Although Defendant raised the statute of limitations issue for the first time in its Motion for Partial Summary Judgment, Plaintiff has not been prejudiced as he has had the opportunity to respond to Defendant's statute of limitations argument in his response brief to the Motion for Partial Summary Judgment. *See Swift v. Smith*, No. 07-C-0858, 2009 WL 1759696, at *1 (E.D. Wis. June 22, 2009) (finding that a plaintiff was not unduly prejudiced by the addition of a statute of limitations affirmative defense where he had the opportunity to respond to the defense as part of his opposition to the defendants' motion); *E.E.O.C. v. U.S. Bell*, No. 2:03-CV-237-PRC, 2005 WL 1683979, at *16 (N.D. Ind. July 19, 2005) (considering an affirmative defense where the defendant first asserted it in the motion for summary judgment but plaintiff had an opportunity to respond, and did so, in its opposition brief).  In response, Plaintiff does not dispute that Defendant's alleged conduct occurred more than one year prior to the filing of this lawsuit. Accordingly, Plaintiff has failed to raise a genuine issue of material fact and summary judgment must be granted in Defendant's favor.

## C. Plaintiff's Motion to Reopen Discovery

In their Motion to Reopen Discovery, Plaintiffs request that the Court reopen discovery for the limited purpose of taking a 30(b)(6) deposition of Defendants' representative. In particular, Plaintiffs wish to depose Defendants' representative on the topics provided in Request for Admissions Nos. 3 and 5, fees that have been charged by Defendants since the beginning of this year, and all topics relevant to this lawsuit.

The decision whether to grant a motion to reopen discovery rests within the sound discretion of the district court. *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). In its March 1, 2010 Order granting Defendant's Verified Motion to Withdraw Admissions, the Court granted the parties leave to file a motion to reopen discovery for a limited period of time. Given Plaintiffs' need to conduct additional discovery related to the withdrawn Admissions Nos. 3 and 5, and the Court's granting Plaintiff Williams leave to amend his Complaint, the Court finds that the parties should be afforded the opportunity to conduct additional discovery in this matter. Accordingly, the Court grants the Plaintiffs' Motion to Reopen Discovery, but for relief different than requested. Rather than limiting discovery to the taking of a 30(b)(6) deposition of the Defendants' representative, the Court will also permit the parties to conduct discovery regarding any new claims that Plaintiffs may allege in an amended Complaint, consistent with this Opinion and Order.

## CONCLUSION

Based on the foregoing, the Court hereby:

(1) **DENIES** Plaintiff Todd Williams' Motion to Strike [DE 41]**;**

(2) **GRANTS** the Motion for Leave to Add Affirmative Defense to Plaintiffs' Amended

Complaint [DE 45]. Given that the Second Affirmative Defense is of record in the Answer to Second Amended Complaint, Defendant need not refile its Second Affirmative Defense;

(3) **GRANTS** Defendant's Motion for Partial Summary Judgment [DE 24]. Summary judgment is hereby **ORDERED** in favor of Defendant Mortgage First, LLC against Plaintiff Todd Williams. Plaintiff Todd Williams shall take nothing by his Complaint in this case against Defendant Mortgage First, LLC.

The Final Pre-Trial Conference and Jury Trial settings in this matter are hereby **VACATED** solely as to Plaintiff Todd Williams;

(4) The Court **GRANTS** the Plaintiffs leave to amend their Complaint. Plaintiffs shall have through **March 29, 2010**, within which to amend their Complaint to add a state law claim for invasion of privacy; and

(5) The Court **GRANTS** the Motion to Reopen Discovery [DE 37] and **ORDERS** that discovery shall be **REOPENED** for the limited purpose of conducting a 30(b)(6) deposition of Defendants' representative on the topics provided in Request for Admissions Nos. 3 and 5, fees that have been charged by Defendants since the beginning of this year, and all topics relevant to this lawsuit, as well as discovery on any new amendments to the Complaint. The parties shall have through **May 14, 2010**, within which to conduct discovery.

SO ORDERED this 23rd day of March, 2010.

        s/ Paul R. Cherry  
        MAGISTRATE JUDGE PAUL R. CHERRY  
        UNITED STATES DISTRICT COURT

cc: All counsel of record